IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VICKI OSTENDORF, individually and on behalf of all others similarly situated, | CASE NO.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | [Jury Demand Endorsed Hereon] |
| GRANGE INDEMNITY INSURANCE COMPANY, an Ohio corporation, | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiff Vicki Ostendorf ("Ostendorf" or "Plaintiff"), on behalf of herself and all others similarly situated, files this Class Action Complaint against Grange Indemnity Insurance Company ("Grange" or "Defendant"), and in support thereof states the following:

**NATURE OF THE ACTION**

1. This is a class action lawsuit by Plaintiff, the named insured under a Grange automobile policy issued for private-passenger auto physical damage including comprehensive and collision coverage, which requires payment of "Actual Cash Value" or "ACV." Plaintiff brings claims for breach of contract and declaratory relief.

2. Defendant is a large private-passenger auto insurance carrier operating in Ohio. One of the coverages Defendant offers is comprehensive and collision coverage. Upon information and belief, Defendant systematically underpaid not just Plaintiff, but thousands of other putative class members, amounts Defendant owed its insureds for ACV losses for total loss vehicles insured with comprehensive and collision coverage.

3. This lawsuit is brought by Plaintiff, individually and on behalf of all other similarly situated insureds, who suffered damages due to Defendant's practice of refusing to pay full ACV payments or full total loss payments ("FTLP") to first-party total loss insureds on physical damage policies ("Policies") containing comprehensive and collision coverages. Specifically, as a matter of policy, Defendant fails to include sales tax and/or vehicle title transfer and vehicle registration fees ("Vehicle Title and Registration Fees") in its calculation of ACV when paying FTLP to its insureds.

4. Defendant's failure to pay FTLP for first-party total losses owed to the Grange insureds and to condition payment of sales tax and Vehicle Title and Registration Fees on actions not required by the policy itself is a breach of the policy agreement and a clear breach of contract as to Plaintiff and each putative class member.

## **PARTIES, JURISDICTION, AND VENUE**

5. At all times material hereto, Plaintiff is and was domiciled in Lewisburg, Ohio, and is a citizen of the State of Ohio.

6. At all times material hereto, Defendant is and was an Ohio corporation, incorporated and with its principal place of business in Ohio, and authorized to transact insurance business in the State of Ohio.

7. This Court has personal jurisdiction over Defendant because Defendant conducts business and maintains its headquarters in Ohio.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (a) the Plaintiff is a member of the putative class, which consists of at least 100 members, many of which are citizens of different states than that of the Defendant; (b) the amount-in-controversy exceeds $5 million dollars exclusive of interest and costs; and (c) none of the exceptions contained in 28 U.S.C. § 1332(d) apply to this claim.

9. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and the Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

10. Defendant's standardized automobile insurance policy ("Insurance Policy") language as to collision and comprehensive coverage for ACV of total loss vehicles is present in every Grange auto policy issued by Defendant in Ohio that provides for collision and comprehensive coverage.

11. As exhibited in Plaintiff's experience, Defendant does not pay sales tax or Vehicle Title and Registration Fees when determining and paying the ACV to insureds.

12. At all times material hereto, Plaintiff owned a 2001 Grand Prix, VIN # 1G2WP12K81F262183 ("Insured Vehicle").

13. At all times material hereto, Plaintiff insured the Insured Vehicle under an insurance policy issued by Defendant. *See* Insurance Policy and Declarations Page, attached Exhibit A.

14. On or about May 6, 2018, the Insured Vehicle was involved in an accident. As a result of said accident, Plaintiff filed a claim for property damage with Defendant, claim number APV002253824.

15. Following the filing of said claim, Defendant determined that the Insured Vehicle was a total loss with a base value of $1,773.00. Defendant applied the deductible of "$100" resulting in a "Settlement Amount" of $1,673.00, which did not include any amount for sales tax and Vehicle Title and Registration Fees.

16. Thus, the Total Settlement was in the amount of $1,673.00, which Defendant paid to Plaintiff.

17.     Defendant's payment of $1,673.00 did not include any amount for sales tax and Vehicle Title and Registration Fees. Defendant's failure to include these costs constituted a breach of its insurance policy.

18.     Sales tax and Vehicle Title and Registration Fees are mandatory applicable fees that must be paid to replace any vehicle in the State of Ohio. Other states where Defendant issues policies to putative class members have similar sales tax and Vehicle Title and Registration Fees.

19.     Ohio law requires that all vehicles be properly titled in order to be legally driven on Ohio roadways. The fee to transfer title to a vehicle is, at minimum, $15.00.

20.     Ohio law requires that all vehicles have proper registration in order to be legally driven on Ohio roadways. The fee to transfer license plate and tag is $9.00.

21.     Plaintiff was owed, at minimum, (a) title transfer fees of $15.00, plus (b) tag transfer fees of $9.00, plus (c) sales tax in an amount equal to 6% of the base vehicle value.

22.     Plaintiff and all members of the putative class satisfied all conditions precedent, or such conditions precedent were waived or excused.

## THE GRANGE INSURANCE POLICY

23.     Defendant's insurance policy under the section entitled "Part D, Coverage For Damage To Your Auto" states that "we will pay for sudden, direct and accidental loss to your covered auto or any non-owned auto." Ex. A at p. 21.

24.     In the same section, under a provision entitled "Limit of Liability," the Policy states in relevant part:

"Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damages property, reduced by the salvage value if you or the owner retain the salvage;
2. Amount necessary to repair or replace the property using parts from the vehicle's manufacturers or parts from other manufacturers;

Ex. A at p. 24-25.

25. ACV is not defined in the Policy.

26. There is no difference, for purposes of the duty to pay ACV on a first-party total loss claim, between a collision total loss claim and a comprehensive total loss claim.

27. Clearly then, the policy language does not further define ACV as including: (1) any provision excluding sales tax and Vehicle Title and Registration Fees from ACV; (2) any provision deferring payment of the ACV sales tax and Vehicle Title and Registration Fees for any purpose whatsoever; (3) any provision requiring an insured to obtain a replacement vehicle; (4) any provision requiring the insured to first obtain a replacement vehicle as a condition precedent to receiving ACV sales tax and Vehicle Title and Registration Fees; or (5) any provision linking the amount of ACV sales tax and Vehicle Title and Registration Fees to a particular replacement vehicle and the corresponding sales tax and Vehicle Title and Registration Fees on said replacement vehicle.

28. The policy language applies to all covered autos irrespective of ownership interests - whether owned, financed, or leased, insured autos are considered a "covered-auto" for purposes of the policy.

## PAYMENT OF MANDATORY TAXES AND FEES

29. Ohio law is clear that courts cannot limit the scope of a term, if it is not defined in the policy, to a narrow definition that benefits the insurer; in fact, if policy language is susceptible to more than one reasonable interpretation, it is construed in the light that would grant coverage, i.e. to the benefit of the insured and against the insurer. *King v. Nationwide Ins. Co.*, 35 Ohio St. 3d 208, 519 N.E.2d 1380, 1383 (Ohio 1988).

30. Ohio law requires payment of sales tax on vehicle purchases, and it requires vehicles to be legally titled and registered, for which Ohio imposes mandatory fees. Other states where Defendant issues policies to putative class members have similar laws.

31. Defendant's Policies promise to provide the costs of replacement, including sales tax and Vehicle Title and Registration Fees, and that such costs will be determined at the time of loss. No policy provision provides exclusion for such costs nor conditions payment on vehicle replacement.

32. Defendant's promise to pay ACV necessarily includes sales tax equal to a percentage of the base value and Vehicle Title and Registration Fees, including mandatory transfer fees. Defendant fails to actually make such payment to total loss insureds as a uniform and standard policy.

## CLASS ALLEGATIONS

33. Plaintiffs brings this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and (b)(3) on behalf of themselves and the following class ("Class") of similarly situated persons:

> All insureds of Grange Indemnity Insurance Company ("Grange") whose insurance covers a vehicle with private-passenger physical damage coverage for comprehensive or collision loss who made a first party claim that was adjusted by Grange as a total loss and who received an actual cash value payment from Grange that did not include sales tax and/or Vehicle Title and Registration Fees, within applicable statutes of limitations prior to the date on which this lawsuit was filed until the date of any certification order.

34. Excluded from the Class is Defendant, including any parent, subsidiary, affiliate, or controlled person of Defendant; Defendant's officers, directors, agents, or employees; the judicial officers assigned to this litigation; and members of their staffs and immediate families.

35. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add subclasses, if necessary, before this Court determines whether certification is appropriate.

### A. Numerosity

36. Although the precise number of class members for the Class are unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes

that because Defendant is a large, national insurer and writes hundreds of millions of dollars of private-passenger physical damage coverage premiums, the class affected by Defendant's unlawful practice consists of thousands of individuals or the class of persons affected are otherwise so numerous that joinder of all class members is impractical. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized insurance policy language, and results in the retention by Defendant of insurance benefits properly owed to Plaintiff and the class members. The class definition will permit the court to reasonably ascertain whether any individual or entity is a member of the class as any individual who is an insured of Defendant in the class period and received an ACV that did not include sales tax and Vehicle Title and Registration Fees will be a member of the class.

37. Upon information and belief, Defendant uniformly fails to pay sales tax and Vehicle Title and Registration Fees in total loss cases. Accordingly, the Class consists of tens of thousands, of Defendant's insureds who were not paid in breach of their insurance policies. Thus, pursuant to Fed. R. Civ. P. 23(a)(1), the large size of the Class renders the Class so numerous that joinder of all individual members is impracticable.

   **B. Commonality**

38. Common questions of law and fact predominate in this matter because Defendant's conduct towards the members of the Class is identical. Defendant uniformly fails to pay sales tax and Vehicle Title and Registration Fees in total loss cases.

39. Plaintiff shares a common interest with all members of the putative Class in the objects of the action and the relief sought.

40. Plaintiff satisfies Fed. R. Civ. P. 23(a)(2)'s commonality requirement because her claims arises from a practice which Defendant applies uniformly to all its similarly situated class members and are based on the same legal theories as all other members of the putative class, that

7

failing to pay sales tax and Vehicle Title and Registration Fees in total loss cases violates the uniform insurance policies. Because Defendant's conduct was uniform as to all class members, the material elements of Plaintiff's claims and those of absent class members are subject to common proof, and the outcome of Plaintiff's individual actions will be dispositive for the Class. The common questions include, but are not limited to, the following: (a) whether, under the Defendant's standardized policy language, Plaintiff and the class members are owed sales tax and Vehicle Title and Registration Fees as part of ACV upon the total loss of an insured vehicle; and (b) whether the Defendant has breached its insurance contracts with the Plaintiff and the class members by failing to pay sales tax and Vehicle Title and Registration Fees as part of ACV upon the total loss of an insured vehicle.

### C. Typicality

41. Pursuant to Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of the claims of all other members of the Class because all such claims arise from the Defendant's failure to pay sales tax and Vehicle Title and Registration Fees on total loss claims of insured vehicles.

42. Plaintiff's and Class members' legal claims arise from the same core practices, namely, the failure to pay full ACV, including sales tax and Vehicle Title and Registration Fees, for first-party total loss claims. The material facts underlying the claims of each putative class member are the same material facts as those supporting Plaintiff's claims alleged herein and require proof of the same material facts.

### D. Adequacy

43. Plaintiff can and will adequately represent the putative class and her interests are common to, and coincident with, those of all absent class members. By proving her individual claims, Plaintiff will necessarily prove the claims of the putative class and prove Defendant's liability to the Class. Plaintiff has no known conflicts of interest with any members of the Class; her interests

8

and claims are not antagonistic to those of any other class members; nor are her claims subject to any unique defenses.

44. The representative Plaintiff therefore can and will fairly and adequately protect and represent the interests of the Class under the criteria set forth in Fed. R. Civ. P. 23(a)(4).

45. Spangenberg Shibley & Liber; Kopelowitz Ostrow Ferguson Weiselberg Gilbert; Edelsberg Law P.A.; and Shamis & Gentile, P.A., Plaintiff's counsel, have extensive experience in complex commercial litigation, class actions, and have adequate financial resources to ensure that the interests of the Class will not be harmed.

46. If appointed class representative, Plaintiff is aware of her fiduciary duties to absent class members and is committed to faithfully uphold those duties. Plaintiff and her counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the class is fairly represented.

47. Plaintiff and her counsel will therefore fairly and adequately assert and protect the interests of the Class.

### E. Predominance and Superiority

48. A class action provides a fair and efficient method for the adjudication of this controversy under the criteria set forth in Fed. R. Civ. P. 23(b)(3). Class treatment is a superior form of adjudication than the prosecution of individual claims and provides a substantial benefit to the court and litigants by avoiding a multiplicity of suits, and the risk of inconsistent results.

49. Because Defendant's conduct was uniform with respect to all prospective class members, common questions of law and fact predominate over individual questions.

50. Because the Class encompasses many thousands of claims (if not tens of thousands of claims), a single, nationwide class action is plainly more efficient than many thousands of individual law suits, each requiring the same discovery and proofs. Given the relatively small amount

of the claim(s) of each putative class member, it is likely that absent class representation, such claims would not be brought, and the class would never have appropriate redress for Defendant's improper conduct. A class action is superior to and more efficient than other available methods for the fair and efficient adjudication of this controversy.

51. Class treatment ensures uniformity and consistency in results, enables the many small claims of class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide optimum relief to class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

52. In addition, the expense and burden of individual litigation effectively makes it a practical impossibility for individual class members to seek redress for the wrongs alleged herein.

53. The advantages of maintaining this action as a class suit far outweigh the expense and waste of judicial effort that would result from thousands of separate adjudications or the unfairness of none at all, which is the likely outcome if the small individual claims at issue are not aggregated as a class.

54. There are also no unusual difficulties likely to be encountered in the maintenance of this action as a class suit, and this Court can effectively manage the class action.

55. Any argument that class treatment is not viable or productive in the present action is undercut by the fact that the Middle District of Florida very recently treated as a class action a case that is substantially identical in fact and in law to the present action. See <u>Bastian v. United Servs. Auto. Ass'n</u>, 150 F. Supp. 3d 1284 (M.D. Fla. 2015). <u>Bastian</u> is in the process of being successfully settled as a class and stands as incontrovertible evidence demonstrating the efficacy and viability of class treatment in the present action. Similarly, <u>Roth v. Geico General Insurance Co.</u>, Case No. 16-62942-CIV-Dimitrouleas (S.D. Fla. June 14, 2018), is a substantially similar case recently certified as a class action with judgment entered in favor of the class.

56. The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendant keeps records of insurance policies and claims of prospective class members during the class period, including records of total loss vehicles. Therefore, both the membership of the class and the amount of individual damages is readily ascertainable from Defendant's records.

### F. Declaratory Relief Under Rule 23(B)(2)

57. Pursuant to Fed. R. Civ. P. 23(b)(2), class treatment is warranted because Defendant has acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final declaratory relief concerning the Class as a whole appropriate.

58. Because declaratory relief is sought, class treatment ensures uniformity and consistency in results, enables the many small claims of class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide optimum relief to class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

59. Because Defendant has acted consistently towards all members of the Class, declaratory relief is appropriate with respect to both the Class and Plaintiff's claims and is likewise subject to common proof and adjudication.

60. Based on the foregoing, class treatment is the most fair and efficient form of adjudication for this matter.

61. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorney's fees and costs. Plaintiff for herself and the putative Class is entitled to recovery of attorney's fees and costs.

## COUNT I
## BREACH OF CONTRACT

62. The allegations contained in the foregoing paragraphs are incorporated by reference.

63. This count is brought by Plaintiff, individually and on behalf of the Class Members.

64. Plaintiff was party to a contract, the insurance policy, with Defendant as described herein. See Ex. A. All Class Members were parties to an insurance contract with Defendant containing materially identical terms.

65. Plaintiff and all Class members made a claim determined by Defendant to be a first-party total loss under the insurance policy, and determined by Defendant to be a covered claim.

66. Defendant, by paying the total loss claim, determined that Plaintiff and each Class member complied with the terms of their insurance contracts, and fulfilled all of their duties and conditions under the Policies for each insured to be paid on her or his total loss.

67. Pursuant to Defendant's Insurance Policy, upon the total loss of insured vehicles, the Plaintiff and every Class member were owed the actual cash value of the vehicle, including the unconditional payment of sales tax and Vehicle Title and Registration Fees.

68. Defendant refused to make a FTLP and thus failed to pay the vehicle's ACV.

69. Defendant's failure to provide the promised coverage, including conditioning payment on the purchase of a replacement vehicle, constitutes a material breach of contract with Plaintiff and every Class Member.

70. As a result of said breaches, Plaintiff and the class members are entitled to the full ACV payment, including sales tax and Vehicle Title and Registration Fees without proof of purchase of a replacement vehicle and without reducing the sales tax based on the replacement cost of a new vehicle being less than the ACV Defendant paid, as well as pre-judgment and post-judgment interest and other relief as is appropriate.

## COUNT II
## DECLARATOR RELIEF

71. The allegations contained in the foregoing paragraphs are incorporated by reference.

72. This count seeks declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

73. This count is brought by Plaintiff on behalf of herself and all members of the Class.

74. Plaintiff was party to a contract, the insurance policy, with Defendant as described herein. See Ex. A. All Class Members were parties to an Insurance Policy contract with Defendant containing materially identical terms.

75. Plaintiff seeks a declaratory judgment that an insured is entitled to sales tax and Vehicle Title and Registration Fees in a FTLP to pay a vehicle's ACV in the event of a total loss under the insurance policies that govern Plaintiff's and the Class members' contractual relationships with Defendant.

76. Plaintiff contends Defendant is unconditionally required to pay sales tax and Vehicle Title and Registration Fees to pay a vehicle's ACV in the event of a total loss under the insurance policies that govern Plaintiff and the Class members' relationships with Defendant.

77. Defendant disagrees with Plaintiff's interpretation of the insurance policy as evidenced by its practice of failing to pay sales tax and Vehicle Title and Registration Fees to pay a vehicle's ACV in the event of a total loss.

78. Because of Defendant's claim to the contrary, Plaintiff is in doubt as to her rights under the insurance policy.

79. The above allegations present ascertained or ascertainable facts of a present controversy between Plaintiff and Defendant as to entitlement to the sales tax and Vehicle Title and Registration Fees.

80. The above allegations reflect that Plaintiff has presented a justiciable question as to the existence of her right to the sales tax and Vehicle Title and Registration Fees.

81. All antagonistic and adverse interests, namely Plaintiff and Defendant and the Class when certified, are before this Court by the filing of this count.

82. Pursuant to 28 U.S.C. § 2201, Plaintiff and the Class are entitled to a declaration of the right to the sales tax and Vehicle Title and Registration Fees to resolve her doubt about her rights under the insurance policy considering the Defendant's position otherwise.

83. Upon the Court granting the declaratory relief requested herein, Plaintiff and the Class will seek supplemental relief pursuant to 28 U.S.C. § 2202 in the form of an order directing that the sales tax and Vehicle Title and Registration Fees be paid to Plaintiff and the Class, an award of attorney's fees incurred in establishing coverage under the Insurance Policy, and prejudgment interest and post-judgment interest, as the sales tax and Vehicle Title and Registration Fees represents liquidated amounts.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff individually and on behalf of those similarly situated, demands a trial by jury on all triable issues and seeks and prays for relief and judgment as follows:

- For an Order certifying this action as a Class Action on behalf of the Class described above;
- For an Order appointing undersigned counsel and their firms as counsel for the Class;
- For an award of compensatory damages in amounts owed under the Policies;
- For declaratory relief to be entered for Plaintiff and the Class that her interpretation of the Insurance Policy is correct, thereby requiring Defendant to pay sales tax and Vehicle Title and Registration Fees.
- For all other damages according to proof;
- For an award of attorney's fees and expenses as appropriate pursuant to applicable law;
- For costs of suit incurred herein;
- For pre and post judgment interests on any amounts awarded;
- For other and further forms of relief as this Court deems just and proper.

TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.

Dated this 27th day of March 2019.

       Respectfully submitted,

       /s/ *Stuart E. Scott, Esq.*
       **SPANGENBERG SHIBLEY & LIBER LLP**
       1001 Lakeside Avenue East, Suite 1700
       Cleveland, OH 44114
       (216) 696-3232
       (216) 696-3924 (FAX)
       *sscott@spanglaw.com*

       **KOPELOWITZ OSTROW**
       **FERGUSON WEISELBERG GILBERT**
       Jeff Ostrow, Esq. (pro hac vice application forthcoming)
       *ostrow@kolawyers.com*
       Jonathan Streisfeld, Esq. (pro hac vice application forthcoming)
       *streisfeld@kolawyers.com*
       Joshua Levine, Esq. (pro hac vice application forthcoming)
       *tropin@kolawyers.com*
       1 W. Las Olas Blvd.
       Suite 500
       Fort Lauderdale, Florida 33301
       Telephone: 954-525-5100

       **SHAMIS & GENTILE, P.A.**
       Andrew Shamis, Esq. (pro hac vice application forthcoming)
       14 N.E 1st Ave Ste. 1205
       Miami, FL 33132
       Telephone: 305-479-2299
       *ashamis@shamisgentile.com*

       **EDELSBERG LAW, P.A.**
       Scott Edelsberg, Esq. (pro hac vice application forthcoming)
       19495 Biscayne Blvd. #607
       Aventura, FL 33180
       Telephone: 305-975-3320
       *Scott@edelsberglaw.com*