UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS

| | |
|---|---|
| **VICKI OSTENDORF**,<br><br>     Plaintiff,<br><br> v.<br><br>**GRANGE INDEMNITY INSURNACE COMPANY,**<br><br>     Defendant. | Judge Marbley<br><br>Magistrate Judge Jolson<br><br>Case No.: 2:19-CV-01147-ALM-KAJ |

**MOTION OF DEFENDANT TO DISMISS OR,
IN THE ALTERNATIVE, STAY AND COMPEL APPRAISAL**

  The Court should dismiss Plaintiff's complaint because it fails to state a claim against Grange. Its conclusory allegations notwithstanding, nothing within Plaintiff's insurance contract, nor Ohio law, entitles Plaintiff to sales tax or title and registration fees unless and until Plaintiff actually incurs such costs. And Ohio law expressly provides that insurers need not pay sales tax on total losses unless the insured replaces the lost vehicle within thirty days. Because Plaintiff does not allege she incurred sales tax or title and registration fee costs, or that she provided proof of those costs to, and made demand for payment of them from, Grange, she has not plead a breach of contract nor established any right to a declaratory judgment.

  Alternatively, should the Court not dismiss Plaintiff's complaint, the Court should stay this action pending Plaintiff's participation in the mandatory appraisal required by her insurance policy to determine the actual value of her loss. Under Ohio law, appraisal provisions to determine the amount of an insured's loss are compulsory once invoked by either party, and binding upon both parties. Grange properly and timely invoked the appraisal provision and has already informed Plaintiff of its selected appraiser. Plaintiff must now submit to appraisal or be forever barred from

filing suit because her policy requires that she may not sue Grange unless she is in "full compliance with all the terms, provisions and conditions of [the] policy."

The basis for Grange's motion are more fully set forth in the accompanying Memorandum in Support.

                                                Respectfully submitted,

                                                /s/ Rodger L. Eckelberry
                                                Rodger L. Eckelberry (0071207)
                                                *Trial Attorney*
                                                Email: reckelberry@bakerlaw.com
                                                Martina Ellerbe (0096760)
                                                Email: mellerbe@bakerlaw.com
                                                BAKER & HOSTETLER LLP
                                                200 Civil Center Drive, Suite 1200
                                                Columbus, OH 43215-4138
                                                Telephone: 614.228.1541
                                                Facsimile: 614.462.2616

                                                Counsel for Defendant
                                                Grange Indemnity Insurance Company

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# COLUMBUS

| | |
|---|---|
| **VICKI OSTENDORF**, <br><br> Plaintiff, <br><br> v. <br><br> **GRANGE INDEMNITY INSURNACE COMPANY,** <br><br> Defendant. | Judge Marbley <br><br> Magistrate Judge Jolson <br><br> Case No.: 2:19-CV-01147-ALM-KAJ |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY AND COMPEL APPRAISAL

**I.   Introduction**

This lawsuit involves a dispute over whether Grange paid Plaintiff enough money for the total loss of her vehicle.  In May, 2018, Plaintiff was involved in a collision that rendered her vehicle a total loss.  Grange adjusted and paid the loss.  Now Plaintiff brings this putative class action, alleging that Grange underpaid her claim and seeking to represent a class of policyholders insured by Grange.  Specifically, Plaintiff contends that Ohio law and her policy require Grange to pay her sales tax and vehicle title and registration fees because, she claims, "[s]ales tax and Vehicle Tile and Registration Fees are mandatory applicable fees that must be paid to replace any vehicle in the State of Ohio."[1] Compl. ¶ 18.

---

[1] Plaintiff also alleges that "[o]ther states where Defendant issues policies to putative class members have similar sales tax and Vehicle Title and Registrations Fees." Compl., ¶ 18. Whether insurers must pay sales tax and fees as part of "actual cash value" in some states other than Ohio, even if true, is irrelevant to this motion.  At present there is but one plaintiff before the Court, and Ohio law indisputably applies to her claims.

Plaintiff's own complaint establishes that she has no claim.  She attaches her insurance policy to her complaint and correctly notes that it requires Grange to "pay for sudden, direct and accidental loss *to [her] covered auto* or any non-owned auto." Compl., Ex. A at p. 21 (emphasis added).  She further notes that the policy limits Grange's liability to the *lesser* of the "[a]ctual cash value of the stolen or damaged property, reduced by the salvage value . . . [or the ] [a]mount necessary to repair or replace the property. . . ." *Id.* at pp. 24-25.  Sales tax and fees may be necessary to replace a vehicle, but they are not part of any "sudden, direct and accidental loss" to Plaintiff's vehicle, nor are they part of a vehicle's actual cash value.  And Ohio law expressly provides that insurers need not pay sales tax on total loss vehicle claims unless the insured replaces the loss vehicle, and provides proof of the sales tax paid, to the insurer within thirty-three days of receiving the insurer's loss settlement payment.

Alternatively, if a valuation dispute legitimately remains, it must go to appraisal before this lawsuit can proceed.  Grange has invoked appraisal to determine the value of Plaintiff's loss, as permitted by the contract of insurance between Grange and Plaintiff.  Under Ohio law, appraisal is mandatory when provided by contract and properly invoked, which undisputedly is the case here.  Accordingly, if the case is not dismissed, the Court should order Plaintiff to proceed with the mandatory appraisal and stay this action.

**II.**     **Facts**

Plaintiff insured her 2001 Pontiac Grand Prix purchased from Grange.  Compl., ¶ 12.  On May 6, 2018, Plaintiff was involved in an accident that rendered her vehicle a total loss. *Id*., ¶¶ 14-15.  Grange determined the base value of her vehicle at the time of loss was $1,773 and, after subtracting her $100 deductible and applying upward adjustments, paid her $1,673. *Id*., at ¶ 15.

Plaintiff does not allege that she complained of Grange's determination of her vehicle's actual cash value prior to filing this complaint.

Plaintiff alleges that Grange did not pay her "applicable sales tax or Vehicle Title and Registration fees." Compl., ¶ 17.  She claims that sales tax and title and registration fees are mandatory fees that must be paid to replace any vehicle in Ohio and other states in which Grange issues policies. Plaintiff further alleges, without citation or support, that Grange's policies "promise to provide the costs of replacement, including sales tax and Vehicle Title and Registration fees, and that such costs will be determined at the time of loss. *Id*. at ¶ 31.

Part D of Plaintiff's insurance policy provides Grange's obligation to pay for damage to Plaintiff's vehicle:

> A. 1. Subject to the limit of liability, if you pay the premium when due, we will pay for sudden, direct and accidental loss *to your covered auto* or any non-owned auto, including their permanently installed equipment, reduced by the applicable deductible shown on the Declarations Page.  * * *

Compl., Ex. A, at p. 22. (, italics added, bold type omitted).  The policy also provides the upward limit of Grange's obligation:

> **LIMIT OF LIABILITY**
>
> A. Our limit of liability for loss will be the *lesser* of the:
>
>   1. Actual cash value of the stolen or damaged property at the time of the loss reduced by the salvage value if you or the owner retain the salvage;
>   2. Amount necessary to repair or replace the property using parts from the vehicle's manufacturers or parts from other manufacturers;
>
> B. An adjustment for depreciation and physical condition will be made in determining the actual cash value of your covered auto or non-owned auto at the time of loss.

Compl., Ex. A at pp. 25-26, ECF 1-1 at pp. 24-25 (italics added, bold type omitted).

Plaintiff's policy also contains a provision for resolving disputes over the value of a loss.

APPRAISAL

3

> If we and you do not agree on the actual cash value of the vehicle, either party may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the written demand is received. The two appraisers will select a competent and impartial umpire.  If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.  The appraisers will state separately the actual cash value and the amount of the loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  * * *

*Id.* at p. 27 (bold type omitted).

Plaintiff asserts two claims.  First, she contends that Grange's failure to include sales tax and vehicle fees as part of her total loss vehicle settlement is a breach of the insurance contract.  Second, she seeks a declaration that Grange is required to pay her sales tax and vehicle fees as a part of her total loss vehicle settlement.

**III.     Law and Argument**

    **A.     Standard of Review.**

The Court may dismiss if a plaintiff "fail[s] to state a claim upon which relief can be granted…." Fed. R. Civ. P. 12(b)(6). To survive dismissal, Plaintiffs' Complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility" is not demonstrated through "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555. Nor is it demonstrated through "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Instead, plausibility requires Plaintiffs to plead "factual content that allows the [C]ourt to draw the reasonable inference that [Grange] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Mere conclusory statements do not suffice. *Id.* And, although the Court must, for the purposes of this Motion, "take all of the factual allegations in the complaint as true," it is not

4

similarly bound with regard to "a legal conclusion couched as a factual allegation[.]" *Id.* Plaintiff must plead definitive facts that allow the Court to "infer more than the mere possibility of misconduct…." *Id.* at 679.

The Court must accept all well-pleaded allegations in the Complaint as true. And courts are free to consider documents incorporated into the complaint when ruling on a motion to dismiss. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (noting that a court can consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein."). "'[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.'" *Williams v. CitiMortgage, Inc.,* 498 F. App'x 532, 536 (6th Cir. 2012)(quoting *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998)). "'[I]f a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document[.]'" *Id.* (quoting *Nat'l Assoc. of Minority Contractors, Dayton Chapter v. Martinez*, 248 F.Supp.2d 679, 681 (S.D. Ohio 2002)).

B.  **"Loss" Does Not Include Sales Tax or Vehicle Fees Unless Incurred.**

Plaintiff's policy obligates Grange to "pay for sudden, direct and accidental loss to [Plaintiff's] covered auto or any non-owned auto. . . ." Compl., Ex. A, at p. 22 (emphasis added). "Loss" is not a defined term in the policy, so it must be given its "plain and ordinary meaning." *Townsend v. Protective Life Ins. Co.*, 2011 U.S. Dist. LEXIS 77132, *8 (N.D. Ohio July 15, 2011). Black's Law Dictionary defines "loss" in the insurance context as the "'amount of financial detriment caused by an insured person's death or an insured property's damage for which the insurer becomes liable.'" *Id.* (quoting Black's Law Dictionary 956 (7th ed. 1999).

5

Unless and until Plaintiff actually replaces her totaled vehicle, she has suffered no financial detriment related to sales tax or vehicle fees and, thus, the policy does not require Grange to pay her for them. "Under Ohio law, the elements of breach of contract are: (1) existence of a valid contract; (2) performance by the plaintiff; (3) non-performance by the defendant; and (4) damages resulting from the defendant's breach." *Yoder v. Hurst*, 2007-Ohio-4861, ¶ 27, 2007 Ohio App. LEXIS 43210, *14 (Ohio App. Sep. 20, 2007). Plaintiff's breach of contract claim fails because her complaint fails to allege elements 3 and 4; it identifies no obligation of Grange that it failed to perform, and no damages suffered by Plaintiff.

The Central District of Illinois addressed, and rejected, nearly identical claims against an insurer earlier this month. In *Sigler v. Geico Cas. Co.*, 2019 U.S. Dist. LEXIS 82431, *2-4 (C.D. Ill. May 15, 2019), the plaintiff alleged that Geico breached its insurance policy by failing to pay sales tax and vehicle fees as part of the ACV settlement payment to its insured. The court dismissed the complaint because it failed "to point to any section of the policy at issue to support [the plaintiff's] position." *Id*. at *8. The court noted: "Nothing in the plain language of the policy can reasonably be construed as an express promise to insureds that they will be reimbursed for sales tax, title transfer fees, and tag transfer fees without first incurring such costs. The Plaintiff is clearly entitled to the actual cash value of his vehicle. The fact that actual cash value is defined, in part, as 'the replacement cost' in the policy, does not entitle him to a theoretical reimbursement. The claim is simply too speculative." *Id*.

The same is true here. Plaintiff does not allege that she incurred sales tax or vehicle fees as part of her loss. She can point to no provision of her policy requiring Grange to pay her for a "theoretical reimbursement." Her claim is "too speculative" and must be dismissed.

6

### C. Sales Tax and Vehicle Fees Are Not Part of Actual Cash Value.

Plaintiff contends that sales tax and fees are part of the "actual cash value" ("ACV") of her totaled vehicle. But taxes and fees do not form part of the "value" of a vehicle. Taxes do not add value to items upon which taxes are assessed. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Berthelot*, 732 So. 2d 1230, 1235 (La. 1999) (holding sales tax not part of value of total loss vehicle because "while it may be said that sales tax may increase the cost to the buyer in the retail market, it is equally clear that it does not increase the value of the property purchased."); *State v. Kluge*, 672 N.W.2d 506, 509 (Iowa App. 2003) (overturning felony conviction where inclusion of sales tax required to move the value of goods stolen from a misdemeanor to a felony because "sales tax is not truly a component of the 'value' of a good or service, but rather a separate amount collected by a retailer for the benefit of a governmental taxing authority."); *Pickering Estate*, 410 Pa. 638, 648, 190 A.2d 132, 137 (PA 1960) (holding taxes paid on inherited property not part of the value of the inherited property, which includes only what the beneficiary receives); *Int'l Commer. Co. v. United States*, 26 Cust. Ct. 607, 624-625, 1951 Cust. Ct. LEXIS 717, *42 (Apr. 4 1951) (holding export taxes charged by country of origin are not part of the "market value" of goods for calculating U.S. tariffs). Thus, they are not part of the "value" of Plaintiff's vehicle at the time of the loss.[2] Under the terms of Plaintiff's policy, therefore, Plaintiff was not entitled

---

[2] There can be rare circumstances, not present here, in which sales tax is considered part of the "value" of an item. In *State v. McNearney*, 501 N.W.2d 461, 462-63, 175 Wis. 2d 485, 488-89 (Wis. App. 1993), for example, the court held that the value of federal air transportation tax was properly added to the cost of an airline ticket the criminal defendant obtained through fraud for purposes of determining whether the value stolen constituted a misdemeanor or a felony. There, however, the defrauded travel agency had to remit the tax to the airline, and the defendant could have surrendered the ticket to the airline for a complete refund, which would have included the tax amount. *Id*. The court noted, too, that it was "not dealing in this case with the value of an antique, or jewelry, or *automobile*, or other more 'traditional' items of personal property that might be the subject of an appraisal – or a theft." *Id.* at 489 (emphasis added).

7

to sales tax and fees as part of her ACV settlement and she has received all to which she is entitled. For this reason, too, her complaint fails to state a claim for breach of contract, she is not entitled to the declaratory relief she seeks, and the Court should dismiss Plaintiff's for failure to state a claim.

>   D.   **Plaintiff's Claims Are Barred By Ohio Law.**

Plaintiff alleges that Ohio law requires payment of sales tax on vehicle purchases, and requires vehicles to be properly titled and registered to be driven on public roads. Compl., ¶ 30. From this Plaintiff seems to infer that "Defendant's promise to pay ACV necessarily includes sales tax equal to a percentage of the base value and Vehicle Title and Registration Fees, including mandatory transfer fees." *Id.*, ¶ 32. Plaintiff presumes too much.

Ohio Administrative Code Section 3901-1-54(H)(7)(f) states:

> **If** within thirty days of receipt by the claimant of a cash settlement for the total loss of an automobile, the claimant purchases a replacement automobile, the insurer shall reimburse the claimant for the applicable sales taxes incurred on account of the claimant's purchase of the automobile, but not to exceed the amount that would have been payable by the claimant for sales taxes on the purchase of an automobile with a market value equal to the amount of the cash settlement. If the claimant purchases an automobile with a market value less than the amount of the cash settlement, the insurer shall reimburse only the actual amount of the applicable sales taxes on the purchased automobile. If the claimant cannot substantiate such purchase and the payment of such sales taxes by submission to the insurer of appropriate documentation within thirty-three days after receipt of the cash settlement, the insurer **shall not** be required to reimburse the claimant for such sales taxes.

(emphasis added). This unequivocally provides that an insurer's obligation to reimburse insureds for sales tax is contingent upon the insured having actually replaced the loss vehicle and incurred such taxes, and then only if the insured provides proof of such expense to the insurer within thirty-three days of receipt of the insurer's ACV payment. This is entirely consistent with the policy's obligation for Grange to pay only for "loss" the insured suffers. Unless and until Plaintiff actually

8

replaces her vehicle she has not suffered a "loss" of sales tax and vehicle fees. And because she does not allege that she did so, and substantiated her cost to Grange, her complaint fails to state a claim and must be dismissed. *Accord Kincaid v. Erie Ins. Co.*, 944 N.E.2d 207, 211 (Ohio 2010) (holding insured plaintiff lacked standing to sue insurer for expenses where he did not allege he actually incurred them, and did not present a claim to the insurer for payment of any actual expenses).

      **E.**    **If Not Dismissed, Plaintiff's Claims Are Subject to Stay and Mandatory Appraisal.**

Grange has invoked mandatory appraisal to decide the amount of Plaintiff's loss. Because this appraisal process will result in payment of the actual cash value of Plaintiff's loss—assuming that has not already been done—Plaintiff will be fully compensated and her claims will become moot. If appraisal reveals that Plaintiff has already been paid the actual cash value of her loss, or more, then Plaintiff will have no injury and, thus, no standing to sue.

The parties' contract contains such a provision, which provides the method for determining the amount of Plaintiff's loss in the event the parties do not agree as to that amount:

> APPRAISAL
>
> If we and you do not agree on the actual cash value of the vehicle, either party may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the written demand is received. The two appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers will state separately the actual cash value and the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. * * *

*Id.* at p. 27 (bold type omitted).

Appraisal provisions that are optional with either party, but mandatory once invoked by either party, are common and "many other jurisdictions have examined very similar provisions." *Stuckman v. Westfield Ins. Co.*, 2011-Ohio-2338, ¶ 18, 968 N.E.2d 1012, 1017 (Ohio App. May 16, 2011) (citations omitted) (upholding trial court's determination that similar provision was unambiguous and enforceable).  Ohio case law is clear that appraisal provisions like the one in Plaintiff's Policy create a condition precedent to suit once appraisal is invoked by either party. *See, e.g., Fire Ass'n of Philadelphia v. Agresta*, 115 Ohio St. 426, 432, 154 N.E. 723, 725 (1926); *Phoenix Ins. Co. v. Carnahan*, 63 Ohio St. 258, syllabus paragraph 5 (1900).

Additionally, the Ohio Supreme Court has held that where appraisal or arbitration is mandatory to determine the amount of loss even without a demand by either party, appraisal or arbitration is a condition precedent to filing suit. *Phoenix Ins. Co. v. Carnahan*, 63 Ohio St. 258, syllabus paragraph 5 (1900) (holding that appraisal was condition precedent and before the insured could maintain an action to recovery under the policy he must show that he has complied with the condition or that he has a legal excuse for nonperformance); *Graham v. German American Insurance Co.*, 75 Ohio St. 374, syllabus paragraph 1 (1907) (same). It follows that once an optional appraisal process becomes mandatory as the result of a demand by either party, appraisal becomes a condition precedent to filing suit to recover under the policy. *See also Lyon v. Am. Family Mut. Ins. Co.*, 617 F. Supp. 2d 754, 758 (N.D. Ill.) (vacated in part on other grounds) ("While [the insured] was thus not required to seek appraisal before filing suit, the Policy terms dictate that once a party demands appraisal—assuming first that the parties cannot agree on the amount of the loss—the appraisal process becomes mandatory.").

Grange timely invoked appraisal.  As Plaintiff alleges, Grange determined the value of Plaintiff's vehicle, subtracted her deductible, and paid her $1,673.  Compl., ¶ 15.  Plaintiff accepted

10

that payment and now, more than three years later, voices her disagreement with Grange's valuation of her car.  Since receiving her complaint Grange has informed Plaintiff that Grange is invoking its right to demand appraisal to resolve the dispute over valuation.  *See* Exhibit A (May 24, 2019 letter to Plaintiff's counsel demanding appraisal).  Plaintiff has not yet responded.[3]

Grange does not dispute whether Plaintiff's total loss vehicle claim is covered under the terms of the Policy—Grange paid the claim.  The dispute therefore does not implicate questions of coverage but, rather, solely the value of her loss.  Under the express terms of her insurance policy Plaintiff must submit this dispute to appraisal.

For these reasons, Grange respectfully requests that the Court enforce the terms of Plaintiff's insurance policy, order her to participate in appraisal, and stay this action pending the outcome of the appraisal process.

## IV.   Conclusion

Plaintiff's claim that she is entitled to sales tax and vehicle fees as part of her actual cash value statement is contradicted by the terms of her policy and Ohio law.  Grange paid her what it owed.  Her complaint fails to state a claim and should be dismissed.

          Respectfully submitted,

          /s/ Rodger L. Eckelberry
          Rodger L. Eckelberry (0071207)
          *Trial Attorney*
          Email: reckelberry@bakerlaw.com
          Martina Ellerbe (0096760)
          Email: mellerbe@bakerlaw.com
          BAKER & HOSTETLER LLP
          200 Civil Center Drive, Suite 1200

---

[3] Grange could not have invoked its right to appraisal before Plaintiff filed suit because it did not know Plaintiff disputed its valuation of her vehicle prior to receiving her complaint.  Plaintiff does not, and cannot, allege that she informed Grange that she disputed its valuation prior to filing this action.

11

Columbus, OH 43215-4138
Telephone: 614.228.1541
Facsimile: 614.462.2616

Counsel for Defendant
Grange Indemnity Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2019, a true and correct copy of the foregoing document was filed and served via the Court's Electronic Filing System thereby providing service upon all counsel of record:

    /s/ Rodger L. Eckelberry
Rodger L. Eckelberry

# EXHIBIT A

# BakerHostetler

May 24, 2019

**VIA EMAIL**

Stuart E. Scott, Esq.
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114
sscott@spanglaw.com

Re: *Vicki Ostendorf v. Grange Indemnity Insurance* Total Loss Claim – Demand for Appraisal

Counsel:

Plaintiff's Complaint makes clear that Ms. Ostendorf is contesting Grange Indemnity Insurance Company's valuation of her insured vehicle that was determined to be a total loss. Page 26 of Plaintiff's insurance policy, a copy of which is attached, provides:

> If **we** and **you** do not agree on the actual value of the vehicle, either party may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the written demand is received. The two appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, **you** or **we** can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers will state separately the actual cash value and the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> 1. Pay its chosen appraiser; and
> 2. Bear the expenses of the appraisal and umpire equally.
>
> **We** do not waive any of **our** rights under this policy by agreeing to an appraisal.

This letter is to inform Plaintiff that Grange is invoking its right to demand an appraisal pursuant to the terms of the policy. Grange has selected Ross Chandler at ClaimSolution as its designated appraiser for this matter. Mr. Chandler can be reached at rchandler@claimsolution.com or 913-

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver
Houston   Los Angeles   New York   Orlando   Philadelphia   Seattle   Washington, DC

Demand for Appraisal
May 24, 2019
Page 2

322-2300, Ext. 4808. Please provide me with the name and contact information for Plaintiff's appraiser within 20 days.

Additionally, page 33 of Plaintiff's insurance policy states: "No legal action may be brought against **us**, and **we** may not be sued unless there is full compliance with all the terms, provisions and conditions of this policy." As alleged in paragraph 16 of Plaintiff's Complaint, Grange paid Plaintiff $1,673.00 for the value of the vehicle. Plaintiff did not previously notify Grange that she disagreed with the amount of loss as determined by Grange. Plaintiff's Complaint is, therefore, premature and an improper attempt to avoid the mandatory appraisal process provided for in the policy.

Grange intends to ask the Court to stay the case pending appraisal. *See, e.g., Gen. Ins. Co. of Am. v. Citizens Bank*, No. C-1-04-174, 2006 U.S. Dist. LEXIS 23458, at *4 (S.D. Ohio Apr. 26, 2006); *Arnold v. Foremost Ins. Co. Grand Rapids*, No. 1:16CV1944, 2017 U.S. Dist. LEXIS 38783, at *2 (N.D. Ohio Mar. 17, 2017).

Please let me know if you will oppose the motion.

Regards,

Martina T. Ellerbe

cc:    Grange Indemnity Insurance Company