# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **VICKI OSTENDORF**, <br><br> Plaintiff, <br><br> v. <br><br> **GRANGE INDEMNITY INSURANCE COMPANY,** <br><br> Defendant. | Judge Algenon L. Marbley <br><br> Magistrate Judge Kimberly A. Jolson <br><br> Case No.: 2:19-CV-01147-ALM-KAJ |

## JOINT MOTION OF DEFENDANT GRANGE INDEMNITY INSURANCE COMPANY AND PLAINTIFF VICKI OSTENDORF TO STAY CASE

Defendant Grange Indemnity Insurance Company and Plaintiff Vicki Ostendorf jointly move this Court for an order staying the case. As set forth in the attached Memorandum in Support, Grange contends that its Notice of Appeal operates as an automatic stay of proceedings in the District Court. Additionally, the parties are presently pursuing mediation in an effort to resolve this matter without the need for further proceedings, so a stay will conserve judicial resources and resources of the parties and promote case resolution.

Respectfully submitted

| | |
|---|---|
| /s/ Rodger L. Eckelberry | /s/ Joshua Levine (per email approval on 2/12/2020) |
| Mark A. Johnson (0030768) | Jeffrey M. Ostrow |
| Rodger L. Eckelberry (0071207) | Jonathan M. Streisfeld |
| Trial Attorney | Joshua Levine |
| Andrea C. Wiltrout (0098288) | 1 W. Las Olas Blvd, Suite 500 |
| Martina Ellerbe (0096760) | Fort Lauderdale, FL 33301 |
| BAKER & HOSTETLER LLP | Telephone: 954-525-4100 |
| 200 Civic Center Drive, Suite 1200 | Fax: 954-525-4300 |
| Columbus, OH 43215-4138 | Email: ostrow@kolawyers.com |
| Telephone: 614.228.1541 | streisfeld@kolawyers.com |
| Facsimile: 614.462.2616 | levine@kolawyers.com |
| Email: mjohnson@bakerlaw.com | |
| reckelberry@bakerlaw.com | Stuart E Scott |
| awiltrout@bakerlaw.com | Spangenberg Shibley & Liber LLP |
| mellerbe@bakerlaw.com | 1001 Lakeside Avenue East, Suite 1700 |
| | Cleveland, OH 44114-3400 |
| *Counsel for Defendant Grange Indemnity Insurance Company* | Telephone: 216-696-3232 |
| | Fax: 216-696-3924 |
| | Email: sscott@spanglaw.com |
| | |
| | Andrew Shamis |
| | Shamis & Gentile, P.A. |
| | 14 NE 1st Avenue, Ste 1205 |
| | Miami, FL 33132 |
| | Telephone: 305-479-2299 |
| | Fax: 786-623-0915 |
| | Email: ashamis@shamisgentile.com |
| | |
| | *Counsel for Plaintiff* |

**MEMORANDUM IN SUPPORT**

Grange moved this Court for an order dismissing the case, or alternatively, compelling the matter to appraisal, in accordance with the insurance policy at issue. (ECF No. 12.) On January 13, 2020, this Court entered an order denying Grange's Motion (ECF No. 24.) The Federal Appellate Rules provide just thirty days to file an appeal. Fed. R. App. P. 4(a)(1). Therefore, in order to preserve its rights, Grange filed a Notice of Appeal pursuant to 9 U.S.C. § 16. (ECF No. 29.)

Following Grange's filing of a Notice of Appeal, the parties conferred and agreed to pursue mediation through the Sixth Circuit's Appellate Mediation program. The parties seek to explore resolution of the matter without the need to expend resources on further judicial proceedings other than the informal discovery and exchange of information necessary to facilitate a successful mediation. In furtherance of their attempts to resolve this case, the parties seek an order staying proceedings before this Court.

### A.     Grange's Notice of Appeal pursuant to 9 U.S.C. § 16 causes an automatic stay of the District Court proceedings.[1]

9 U.S.C § 16(a)(1) permits a party to appeal an order denying a petition to compel arbitration. The Sixth Circuit has not decided whether an appeal pursuant to 9 U.S.C. § 16 results in an automatic stay of proceedings in the district court. But the majority of district courts in this circuit that have considered the issue have held that an appeal pursuant to Section 16 does result in an automatic stay of district court proceedings. *Rogers v. SWEPI LP*, No. 2:16-cv-999, 2018 U.S. Dist. LEXIS 58746, at *5 (S.D. Ohio Apr. 6, 2018) (collecting cases). In reaching this

---

[1] While Plaintiff joins in the request to stay this case pending mediation through the Sixth Circuit's Appellate Mediation program, Plaintiff does not join in Grange's argument in this Section A., that it is entitled to an automatic stay pending appeal pursuant to 9 U.S.C. § 16. Should appellate mediation prove unsuccessful, Plaintiff reserves all rights to argue that 9 U.S.C. § 16 does not apply to this appeal.

conclusion, the district courts in this Circuit joined the majority of circuits that addressed this issue, including the Third, Fourth, Seventh, Tenth, Eleventh, and D.C. Circuits. *Shy v. Navistar Int'l Corp.*, No. 3:92-cv-333, 2014 U.S. Dist. LEXIS 63379, at *11 (S.D. Ohio May 7, 2014).

The Seventh Circuit best described the rationale for an automatic stay:

> Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals. . . . Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under [9 U.S.C. § 16(a)] helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under [9 U.S.C. § 16(a)] is pending.

*Bradford-Scott Data Corp. v. Physician Comput. Network*, 128 F.3d 504, 505–06 (7th Cir. 1997).

In accordance with the well-reasoned order in *Rogers*, the district court orders cited therein, and the Seventh Circuit's rationale in *Bradford-Scott Data Corp.*, this Court should enter an order staying the case pending the appeal in the Sixth Circuit.

### B. Alternatively, the Court should exercise its inherent authority to stay the case.

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Zimmers v. Eaton Corp.*, No. 15-CV-2398, 2016 U.S. Dist. LEXIS 46000, at *4 (S.D. Ohio Apr. 5, 2016) (Marbley, J.) (quoting *Ferrell v. Wyeth—Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005)). In deciding whether to grant a stay, a district court considers: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Id.* at *5.

This Court should exercise its inherent power and enter a stay of proceedings while the parties pursue mediation. A stay is needed in order to avoid wasting judicial and party resources while the parties mediate the case (Factor One). The case is presently in the early stages, with Grange answering the Complaint just last week (Factor Two). As the parties have moved jointly, no party will be prejudiced by the entry of a stay (Factor Three). Finally, if the parties resolve the action through mediation, the issues will be moot and the Court and parties will be spared unnecessary time and expense (Factors Four and Five).

In sum, this Court should exercise its power to enter a stay because doing so will preserve judicial resources, resources of the parties, and help further resolution of this matter.

## CONCLUSION

For the reasons set forth above, this Court should enter an order staying proceedings.

Respectfully submitted

| | |
|---|---|
| /s/ Rodger L. Eckelberry | /s/ Joshua Levine (per email approval on 2/12/2020) |
| Mark A. Johnson (0030768) | Jeffrey M. Ostrow |
| Rodger L. Eckelberry (0071207) | Jonathan M. Streisfeld |
| Trial Attorney | Joshua Levine |
| Andrea C. Wiltrout (0098288) | 1 W. Las Olas Blvd, Suite 500 |
| Martina Ellerbe (0096760) | Fort Lauderdale, FL 33301 |
| BAKER & HOSTETLER LLP | Telephone: 954-525-4100 |
| 200 Civic Center Drive, Suite 1200 | Fax: 954-525-4300 |
| Columbus, OH 43215-4138 | Email: ostrow@kolawyers.com |
| Telephone: 614.228.1541 | streisfeld@kolawyers.com |
| Facsimile: 614.462.2616 | levine@kolawyers.com |
| Email: mjohnson@bakerlaw.com | |
| reckelberry@bakerlaw.com | Stuart E Scott |
| awiltrout@bakerlaw.com | Spangenberg Shibley & Liber LLP |
| mellerbe@bakerlaw.com | 1001 Lakeside Avenue East, Suite 1700 |
| | Cleveland, OH 44114-3400 |
| *Counsel for Defendant Grange Indemnity Insurance Company* | Telephone: 216-696-3232 |
| | Fax: 216-696-3924 |
| | Email: sscott@spanglaw.com |

Andrew Shamis
Shamis & Gentile, P.A.
14 NE 1st Avenue, Ste 1205
Miami, FL 33132
Telephone:	305-479-2299
Fax:		786-623-0915
Email: ashamis@shamisgentile.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February 2020 a true and correct copy of the foregoing document was filed and served via the Court's Electronic Filing System thereby providing service upon all counsel of record.

/s/ Rodger L. Eckelberry
BAKER & HOSTETLER LLP

*Counsel for Defendant*
*Grange Indemnity Insurance Company*