IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **VICKI OSTENDORF,** : | |
| : | Case No. 2:19-CV-1147 |
| **Plaintiff,** : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| **GRANGE INDEMNITY INSURANCE** : | |
| **COMPANY,** : | |
| : | |
| **Defendant.** : | |

## ORDER

This matter is before the Court on the parties' Joint Motion to Stay the Case. (ECF No. 30). For the reasons articulated below, the parties' Joint Motion to Stay is **GRANTED.**

On January 13, 2020, this Court entered an order denying Defendant Grange's Motion to Dismiss the case. (ECF No. 24). Grange filed a timely Notice of Appeal pursuant to 9 U.S.C. § 16 on February 10, 2020. (ECF No. 29).

In their Joint Motion, the parties state that they have conferred and agreed to pursue mediation through the Sixth Circuit's Appellate Mediation program. (ECF No. 30 at 3). They first argue that, while the Sixth Circuit has not decided this issue, a majority of district courts in this circuit have concluded that an appeal pursuant to Section 16 results in an automatic stay of the district court proceedings. (ECF No. 30 at 3) (citing *Rogers v. SWEPI LP*, No. 2:16-cv-999, 2018 U.S. Dist. LEXIS 58746, at *5 (S.D. Ohio Apr. 6, 2018) (collecting cases)). In the alternative, they submit that this Court should exercise its inherent authority to stay the case for judicial efficiency. (ECF No. 30 at 4).

In deciding whether to grant a stay, courts consider factors such as: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Zimmers v. Eaton Corp.*, No. 15-CV-2398, 2016 WL 1322343, at *2 (S.D. Ohio Apr. 5, 2016). This Court agrees with the parties that the factors weigh in favor of granting the stay. This case is in its early stages, the parties have moved jointly agreeing neither will be prejudiced, and a stay will conserve judicial resources while the parties mediate. Because this Court finds the factors weigh in favor of exercising its judicial authority to grant the stay, it need not reach the question of whether a stay is required by the Section 16 appeal.

For these reasons, this Court **GRANTS** the parties' Joint Motion to Stay the case. The parties are directed to notify the Court upon completion of the mediation.

**IT IS SO ORDERED.**

                                                  s/ Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  February 13, 2020**