**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **VICKI OSTENDORF,** | : | |
| | : | **Case No. 2:19-cv-1147** |
| **Plaintiff,** | : | |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Jolson** |
| **GRANGE INDEMNITY INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on the parties' Joint Motion to Lift Stay (ECF No. 37) and

Plaintiff's Unopposed Motion for Preliminary Settlement Approval (ECF No. 38). For the

following reasons, the Court **GRANTS** the Motion to Lift Stay and the Motion for Preliminary

Settlement Approval. The Court will retain jurisdiction over the settlement proceedings.

## I.      BACKGROUND

On March 27, 2019, Plaintiff Vicki Ostendorf filed a Complaint on behalf of herself and

similarly situated insured individuals against Defendant Grange Indemnity Insurance Company

("Grange") alleging breach of her insurance contract ("the Policy"). (ECF No. 1). Ostendorf

insured her 2001 Grand Prix vehicle with Grange. (*Id.* at ¶¶ 12-3). On or about May 6, 2018, the

insured vehicle was involved in an accident and Ostendorf filed a total loss insurance claim. (*Id.*

at ¶ 14). Grange determined the vehicle was worth $1,773, and after applying a $100 deductible,

paid Ostendorf $1,673. (*Id.* at ¶ 15). Plaintiff filed her Complaint bringing claims for breach of

contract and declaratory relief, alleging Grange underpaid her and similarly situated policy

holders for failing to include the cost of a title transfer, tag transfer, and 6% sales tax in the

"actual cash value" ("ACV") calculation under the Policy for reimbursement of total losses. (*Id.*

at ¶ 21). On May 30, 2019, Grange filed a Motion to Dismiss for failure to state a claim or, in the alternate, a Motion to Compel Plaintiff to participate in the appraisal process. (ECF No. 7). This Court denied Defendant's Motion on January 13, 2020.

The Parties participated in the Sixth Circuit Mediation Program and advised the Sixth Circuit that they had reached a settlement in July 2020. (*See* ECF No. 38 Ex. B at ¶ 8). Plaintiff now files this unopposed Motion for Preliminary Approval of Settlement and Motion to Lift Stay for the limited purpose of effectuating the Settlement. (ECF Nos. 37, 38). The Proposed Settlement would fully resolve all claims which presently exist or may exist in the future against Defendants arising out of or relating to Plaintiffs' assertions in the Complaint. The Court has reviewed Plaintiffs' unopposed Motion and Settlement Agreement and **GRANTS** the Motion for Preliminary Settlement Approval for the reasons set forth below.

## II.     ANALYSIS

According the Agreement, the Settlement Class includes all individuals insured by Grange who received a total loss claim payment that did not receive sales tax and/or title, transfer, and services fees. (ECF No. 38 Ex. A at ¶ 47). The Settlement Term covers total loss claims insured by Grange Indemnity Insurance Company from March 27, 2004 through July 22, 2020, and by Grange Insurance Company, Grange Property and Casualty, and Trustgard Insurance Company from June 9, 2005 to July 22, 2020. (*Id.* at ¶ 22). The Settlement agrees to pay Class Members 100% of claimed losses related to sales tax, transfer, and title fees, up to a maximum payout of $12,667,804. (ECF No. 38 Ex. B at ¶ 26; ECF No. 38 Ex. A at ¶¶ 15, 55a). Grange will also bear the settlement administration costs and Court-awarded counsel fees. (ECF No. 38 Ex. A at ¶ 55b-d). Class members agree to release Grange from claims related to the action.  (*Id.* at § XI). Grange maintains that it changed its payout practices upon the filing of

Plaintiff's Complaint in January 2020 in order to address the issue in this suit. (*Id.* at ¶ 30).

The Settlement sets forth a Notice Plan, which includes notifying Class Members with a postcard notice, longform notice, publication notice, and web notice. (*Id.* at ¶ 65). The notices will inform Members of the opt-out deadline. In order to receive their claims, members must submit a claims form by the form deadline, which will be included in the initial postcard notices. (*Id.* at ¶ 77). Class counsel will seek attorneys' fees up to $2,553,561, subject to this Court's approval, which Grange will not oppose, and which will not reduce the amounts paid to Class Members (*Id.* at ¶ 88).

For the reasons stated below, the Court finds the Settlement meets the considerations set forth in Federal Rule of Civil Procedure 23(e). Rule 23(e)(1) requires the parties to "provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class," which turns on a determination as to whether the Court will likely be able to approve the proposal under Rule 23(e)(2) and certify the class for purposes of judgment on the proposal. Fed. R. Civ. P. 23(e)(1). "The approval of a proposed settlement ordinarily involves a two-stage procedure. 'First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation.... Once the judge is satisfied ... and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a final Rule 23(e) fairness hearing is given to the class members.'" *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 928 (E.D. Mich. 2007) (quoting Manual for Complex Litigation § 21.632–.633 (4th ed.)).

### A. Fairness, Reasonableness, and Adequately of Settlement

To determine whether a settlement is "fair, reasonable, and adequate," the Court balances the following factors: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely

duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on

the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class

members; and (7) public interest in the settlement." *Vigna v. Emery Fed. Credit Union*, No. 1:15-

CV-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016). At the preliminary approval stage,

however, the Court need not make a determination as to every factor, but rather should grant

preliminary approval of a settlement if "the proposed settlement appears to be the product of

serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly

grant preferential treatment to class representatives or segments of the class, and falls with the

range of possible approval." *In re Telectronics Pacing Sys., Inc*., 137 F. Supp. 2d 985, 1015

(S.D. Ohio 2001) (quoting Manual for Complex Litig. § 30.44 (2d ed. 1985)).

The Court finds the Plaintiff has adequately demonstrated the proposed Settlement is fair,

reasonable, and adequate. Plaintiff maintains that the negotiations were conducted at arm's length

and the Court finds there is no reason to believe the settlement involves collusion. (ECF No. 38 at

13). The Settlement treats potential class members equally, and distributes proceeds based on the

amount of their individual claims. (*Id.* at 14). Counsel for both parties believe the proposed

settlements are fair, reasonable, and adequate. Class counsel testify they are experienced in

consumer class action litigation and have conducted the necessary discovery to confirm the amount

of potential damages. (*Id.* at 15). The Court gives weight to the judgment of experienced counsel

that the settlement is in the best interests of the class. *See Kritzer v. Safelite Solutions, LLC*, No.

2:10-cv-729, 2012 WL 1945144, at *7 (S.D. Ohio May 30, 2012).

This Court has noted that "[m]ost class actions are inherently complex and settlement

avoids the costs, delays, and multitude of other problems associated with them." *In re*

*Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d at 1013 (quoting *In re Austrian and German*

4

*Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)). As such, there is a "public interest favoring settlement… as the proposed settlement ends potentially long and protected litigation." *Kritzer*, 2012 WL 1945144, at *6 (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 369 (S.D. Ohio 2006)). The Court therefore finds Plaintiff has demonstrated the proposed Settlement appears to be fair, adequate, and reasonable and is likely to meet the final approval requirements of Rule 23(e)(2).

### B.  Class Certification

Next, the Court evaluates whether it is likely to approve class certification. Pursuant to Rule 23(a): "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Pursuant to the Proposed Settlement, the Settlement Class is defined as:

All Grange insureds who submitted a Covered Total Loss Claim and who received a Total Loss Claim Payment from Grange that did not include Sales Tax and/or Title, Transfer, and Service Fees, and who was not subsequently paid Sales Tax and/or Title, Transfer and Service Fees during the Class Period. Excluded from the Settlement Class is Grange, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members. Excluded from the Settlement Class is Grange, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to be excluded, and all judges assigned to this litigation and their immediate family members. (ECF No. 38-1 at ¶ 47).

*Numerosity.* The Settlement Class includes all individuals insured by Grange who received a total loss claim payment that did not receive sales tax and/or title, transfer, and services fees—a group that Plaintiff maintains consists of thousands of individuals. (ECF No. 38

at 16). The Court finds there are substantial members sufficient to satisfy the numerosity requirement such that joinder of all members is impracticable. *See Daffin v. Ford Motor Co*, 458 F.3d 549, 552 (6th Cir. 2006).

*Commonality.* The Settlement Class meets the second factor of commonality, given that class members share questions of law and fact regarding Grange's alleged practice of not paying sales tax and/or title, transfer, and service fees to insureds receiving total loss claim payments. The class members have thus "suffered the same injury" such that their claims are capable of class-wide resolution. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 389-90 (2011).

*Typicality.* Likewise, the Court finds the typicality factor satisfied. Class members are likely to share claims and defenses with the named Plaintiff, as her allegations are typical of the claims affecting the larger class. *See Daffin*, 458 F.3d at 552.

*Adequacy.* Finally, under the fourth factor, the Court finds the representative party is likely to fairly and adequately represent the interests of the class as a whole. Plaintiff has demonstrated she has common interests with the unnamed class members and class counsel has provided evidence they are qualified to represent the interests of the class. *See id.* at 553.

*Predomination and Superiority.* Where a plaintiff meets the elements for class certification, the Court will certify the class where "common issues predominate and class treatment is the superior method of adjudication." *Id.* at 554. The Court concludes Plaintiff has demonstrated the common issues to the class predominate—that is, their claims for unpaid taxes and fees on total loss claims by Grange—and that Grange's alleged systematic practice of excluding such taxes and fees is best litigated in the class context.

For these reasons, the Court finds it is likely to approve class certification at the final approval stage.

6

### C.  Appointment of Class Counsel

The Court finds Plaintiff's counsel should be appointed as class counsel under Fed. R. Civ. P. 23(g), given that counsel have demonstrated they diligently investigated and litigated Plaintiff's claims, are experienced with similar class action litigation, and have been appointed class counsel in many class actions. (See ECF No. 38 Ex. B at Decl ¶¶ 33-35).

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Unopposed Motion for Preliminary Settlement Approval and Motion to Lift Stay for the limited purpose of effectuating the Proposed Settlement. (ECF Nos. 37, 38). The Court further **GRANTS** Plaintiff's Motion to file an Amended Complaint to add the additional Grange entities: Grange Insurance Company f/k/a Grange Mutual Insurance Company, Grange Property and Casualty, and Trustgard Insurance Company. (ECF No. 38).

The Court has reviewed the proposed Notice Program, **APPROVES** the Notices for purposes of notifying the Settlement Class as to the Proposed Settlement, and **DIRECTS** the Settlement Administrator to effectuate Notice to the Settlement Class in accordance with the Notice Program. Any person falling within the definition of the Settlement Class may opt out from the Settlement Class or object to the Settlement pursuant to the Notice Program schedule. The Court **APPOINTS** the proposed class counsel to act on behalf of the Settlement Class and the Class Representative with respect to the Settlement.

A fairness hearing to determine final approval of the Settlement will be held before the Honorable Algenon L. Marbley on **December 1, 2020 at 9:00 a.m**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 8, 2020**